**CORRECTED**

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 21-1884V

|  |  |
|---|---|
| BI YING GAO,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: August 18, 2023 |

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY, for Petitioner.*

*Andrew Henning, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On September 22, 2021, Bi Ying Gao filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine that was administered on September 28, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters, and although entitlement has been found in Petitioner's favor, the parties could not agree on the appropriate quantum of damages.

---

[1] Because this ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

For the reasons described below, and after the parties were afforded the opportunity to present argument at an SPU Motions Day hearing, I find that Petitioner is entitled to **$162,613.30 (representing $155,000.00 for actual pain and suffering, plus $7,613.30 for actual unreimbursed expenses).**

## I.     Relevant Procedural History

Ms. Gao's Petition was supported by the required medical records and declaration, and she later filed updated medical records and expense documentation. In October 2022, she conveyed a demand to Respondent. Status Report, ECF No. 30.[3] In January 2023, Respondent conceded entitlement of the Table SIRVA claim, and a Ruling on Entitlement was issued. ECF Nos. 35, 36. But the parties swiftly reached a damages impasse, necessitating a briefing schedule entered on March 1, 2023. ECF Nos. 39, 41. Petitioner filed her Damages Brief on March 5, 2023, ECF No. 42, followed by Respondent's Response on April 28, 2023, ECF No. 47. On May 1, 2023, Petitioner filed medical and billing records from consultation with a pain management specialist, Ex. 21, ECF No. 48, alongside her Reply Brief, ECF No. 49. Petitioner opposed Respondent's request to file a sur-reply concerning the additional exhibit and requested an expedited hearing. ECF Nos. 50, 51.

I denied any further briefing in favor of hearing any additional argument at the expedited hearing, which took place on July 14, 2023. ECF Nos. 52, 54, 55; Minute Entry dated July 17, 2023.[4] During the hearing, I orally ruled on the amount to be awarded for actual pain and suffering. As explained also explained during the hearing, Petitioner was granted an additional opportunity to identify existing record documentation that she had actually paid certain claimed expenses before I would set a precise figure to be awarded on that damages component. *See also* Informal Communication and Scheduling Order entered on July 17, 2023 (Non-PDF); Petitioner's Status Report filed July 17, 2023, ECF No. 56. The matter is now ripe for adjudication.

## II.    Authority

Under the Vaccine Act, the petitioner bears the burden of proof with respect to each element of compensation requested. *Brewer v. Sec'y of Health & Hum. Servs.*, No. 93-0092V, 1996 WL 147722, at *22-23 (Fed. Cl. Spec. Mstr. Mar. 18, 1996).

---

[3] While Petitioner was still evaluating the potential for a lost wages claim in October 2022, she waived that component in January 2023. ECF Nos. 30, 35.

[4] As of the date of this Decision, the transcript of the July 16, 2023, Motions Day hearing has not been filed, but my oral ruling is incorporated by reference herein.

Compensation shall include "[f]or actual and projected pain and suffering and emotional distress from the vaccine-related injury, an award not to exceed $250,000." Section 15(a)(4).

There is no mathematic formula for assigning a monetary value to a person's pain and suffering and emotional distress. *I.D. v. Sec'y of Health & Hum. Servs.*, No. 04-1593V, 2013 WL 2448125, at *9 (Fed. Cl. Spec. Mstr. May 14, 2013) ("[a]wards for emotional distress are inherently subjective and cannot be determined by using a mathematical formula"); *Stansfield v. Sec'y of Health & Hum. Servs.*, No. 93-0172V, 1996 WL 300594, at *3 (Fed. Cl. Spec. Mstr. May 22, 1996) ("the assessment of pain and suffering is inherently a subjective evaluation"). Factors to be considered when determining an award for pain and suffering include: 1) awareness of the injury; 2) severity of the injury; and 3) duration of the suffering. *I.D.*, 2013 WL 2448125, at *9 (quoting *McAllister v. Sec'y of Health & Hum. Servs.,* No 91-1037V, 1993 WL 777030, at *3 (Fed. Cl. Spec. Mstr. Mar. 26, 1993), *vacated and remanded on other grounds*, 70 F.3d 1240 (Fed. Cir. 1995)).

I may also consider prior pain and suffering awards to aid my resolution of the appropriate amount of compensation for pain and suffering in this case. *See, e.g.*, *Doe 34 v. Sec'y of Health & Hum. Servs.*, 87 Fed. Cl. 758, 768 (2009) (finding that "there is nothing improper in the chief special master's decision to refer to damages for pain and suffering awarded in other cases as an aid in determining the proper amount of damages in this case."). And, of course, I may rely on my own experience (along with my predecessor Chief Special Masters) adjudicating similar claims.[5] *Hodges v. Sec'y of Health & Hum. Servs.*, 9 F.3d 958, 961 (Fed. Cir. 1993) (noting that Congress contemplated the special masters would use their accumulated expertise in the field of vaccine injuries to judge the merits of individual claims).

Although pain and suffering in the past was often determined based on a continuum, as Respondent argues, that practice was cast into doubt by a decision of the Court of Federal Claims several years ago. *Graves v. Sec'y of Health & Hum. Servs.,* 109 Fed. Cl. 579 (Fed. Cl. 2013). *Graves* instead emphasized the importance of assessing pain and suffering by looking to the record evidence specific to the injured individual, prior pain and suffering awards within the Vaccine Program, and a survey of similar injury claims outside of the Vaccine Program. *Id.* at 595. Under this approach, the statutory cap merely cuts off *higher* pain and suffering awards – it does not shrink the magnitude of *all* possible awards as falling within a spectrum that ends at the cap. Although *Graves* is not

---

[5] From July 2014 until September 2015, the SPU was overseen by former Chief Special Master Vowell. For the next four years, until September 30, 2019, all SPU cases, including the majority of SIRVA claims, were assigned to former Chief Special Master Dorsey, now Special Master Dorsey. In early October 2019, the majority of SPU cases were reassigned to me as the current Chief Special Master.

3

controlling of the outcome in this case, it provides reasoned guidance in calculating pain and suffering awards.

I have periodically provided (in other published decisions) statistical data on pain and suffering for SIRVA claims resolved in SPU. *See, e.g.*, *McKenna v. Sec'y of Health & Human Servs.*, No. 21-0030V, 2023 WL 5045121, at *2-3 (Fed. Cl. Spec. Mstr. July 7, 2023). As noted in *McKenna*, as of July 1, 2023, in 173 SPU SIRVA cases that required reasoned damages determinations, compensation for past pain and suffering ranged from $40,000.00 to $215,000.00. *Id.* at *3. Cases with higher pain and suffering awards involved prompt medical attention; high subjective pain ratings; moderate to severe limitations in range of motion; significant findings on MRI; surgery or significant conservative treatment; and evidence of permanent injury. *Id.* at *3.

### III.     Pain and Suffering

In this case, awareness of the injury is not disputed. The record reflects that at all times Petitioner was a competent adult with no impairments that would impact her awareness of her injury. Therefore, I analyze principally the severity and duration of Petitioner's injury. In determining appropriate compensation for pain and suffering, I have carefully reviewed and taken into account the complete record in this case, including, but not limited to: Petitioner's medical records, signed declarations,[6] filings, and all assertions made by the parties in written documents and at the expedited hearing held on July 14, 2023. I have also considered prior awards for pain and suffering in both SPU and non-SPU SIRVA cases, and relied upon my experience adjudicating these cases. However, my determination is ultimately based upon the specific circumstances of this case.

Pursuant to my oral ruling on July 14, 2023 (which is fully adopted herein), **I find that $155,000.00 represents a fair and appropriate amount of compensation for Petitioner's pain and suffering.**

When making this determination, I recognize that Petitioner's initial pain and suffering was severe – as evidenced by her first medical attention and first steroid injection within two weeks post-vaccination. She received three additional steroid injections, as well as various pain medications, an MRI, and 32 physical therapy ("PT") sessions leading up to her arthroscopic surgery 13 months post-vaccination. After surgery, Petitioner's condition improved, but she experienced residual pain particularly at night and continued impingement signs. Accordingly, she underwent an additional 32

---

[6] Rather than affidavits, the statements provided by Petitioner are declarations signed under penalty of perjury pursuant to 28 U.S.C.A. § 1746.

4

post-surgery PT sessions (across several facilities), a second MRI, and two additional steroid injections – the last of which was 21 months post-vaccination.

Compared to Respondent's cited cases, *Hunt* and *Shelton* (Response at 7-8),[7] this case reflects more severe pain and suffering – which is evidenced particularly by the lack of any comparable treatment gaps. While Respondent suggested that this case featured a 2.5-month treatment gap (just prior to the retention of counsel), that overlooks the ongoing PT course. This case also involved an earlier presentation for medical treatment, a greater number of PT sessions, and more cortisone injections than what was seen in *Hunt* and *Shelton* (which I have often noted are *sui generis* instances of a sub-six figure award in SIRVA cases featuring surgery)*.* Thus, Respondent's proffer of $105,000.00 is inadequate.

In contrast, Petitioner demands $180,000.00. Brief at 14.[8] With regard to her cited cases, *S.C.* involved a somewhat similar treatment course – with a greater number of PT sessions (95 total, compared to 64 total in this case), but a lengthy treatment gap (20 months), which does not allow for easy comparison. *Hooper* and *Reed* included more compelling evidence of impacts on the petitioners' professional and personal obligations.

Here, the most compelling facts are Petitioner's prompt medical attention; the arthroscopic surgery; the number of steroid injections and PT sessions; and the orthopedist's acknowledgment of ongoing pain and somewhat limited range of motion 21 months post-vaccination. Less influential are Petitioner's subsequent consultations with rehabilitation and pain management specialists, who relied primarily on Petitioner's history and did not institute any further treatment. **Overall, the record reflects actual pain and suffering warranting an award of $155,000.00.**

## IV. Actual Unreimbursable Expenses

Compensation shall also include "actual unreimbursable expenses" which: "(i) resulted from the vaccine-related injury for which the petitioner seeks compensation, (ii) were incurred by or on behalf of the person who suffered such injury, and (iii) were for diagnosis, medical or other remedial care, rehabilitation, developmental evaluation,

---

[7] Citing *Hunt v. Sec'y of Health & Hum. Servs.*, No. 19-1003V, 2022 WL 2826662 (Fed. Cl. Spec. Mstr. June 16, 2022) (awarding $95,000.00 for actual pain and suffering); *Shelton v. Sec'y of Health & Hum. Servs.*, No. 19-0279V, 2021 WL 255093 (Fed. Cl. Spec. Mstr. May 21, 2021) ($97,500.00).

[8] Citing *Hooper v. Sec'y of Health & Hum. Servs.*, No. 17-0012V, 2019 WL 1561519 (Fed. Cl. Spec. Mstr. Mar. 20, 2019) (awarding $185,000.00 for actual pain and suffering); *S.C. v. Sec'y of Health & Hum. Servs.*, No. 19-0341V, 2021 WL 2949763 (Fed. Cl. Spec. Mstr. $160,000.00); *Reed v. Sec'y of Health & Hum. Servs.*, No. 16-1670V, 2019 WL 1222925 (Fed. Cl. Spec. Mstr. Feb. 1, 2019) ($160,000.00).

special education, vocational training and placement, case management services, counseling, emotional or behavioral therapy, residential and custodial care and service expenses, special equipment, related travel expenses, and facilities determined to be reasonably necessary." Section 15(a)(1)(B).

Petitioner claimed $9,226.07 in medical expenses, Brief at 16-17 (citing to supporting documentation within Exs. 17-20); *see also* Reply at 7-9 (citing Ex. 21 for one additional medical consultation, with an expense of $211.90). Respondent opposed all expenses, arguing that they were unsubstantiated. Response at n. 1; *see also* Joint Status Report, ECF No. 55 (confirming the parties' positions in advance of the hearing). At the hearing, however, Respondent allowed at most that the magnitude of the pain and suffering figure could be scaled upward to cover the claimed medical expenses. But the Act clearly separates out these damages components as independently compensable if incurred – and I have therefore evaluated them separately.

Petitioner's briefing includes a helpful table of each claimed medical expense's amount, date of the encounter, medical provider, and citation to supporting documentation. But as the parties were informed at the hearing, it was (at least at that time) unclear that certain expenses (arising between April 2021 – December 2022) were ever paid.

After the hearing, Petitioner removed two duplicative expenses (totaling $721.88) from her request. Status Report, ECF No. 56. She otherwise requested "reimbursement of all expenses incurred for treatment of her vaccine injury, including those balances which she still owes and has not yet paid," for a total of $8,372.52. *Id.* But she also confirmed, "if the Court does not agree that [each] balance is reimbursable," the total minus those balances comes to $7,613.30. ECF No. 56-1 at 1.

While recognizing that Petitioner has documented that certain care expenses were not paid by insurance, without proof of their payment it is speculative to deem them "incurred." This case's damages have been submitted for expedited resolution, and an award should not be delayed further to allow for compilation and review of additional proof of payment (or argument that the balances should nonetheless be paid). And otherwise Petitioner has been afforded substantial opportunities to establish damages. **Thus, Petitioner will be awarded $7,613.30 for actual unreimbursable expenses.**

## Conclusion

Based on the record as a whole and the parties' arguments, I award Petitioner a lump sum payment of **$162,613.30 (representing $155,000.00 for actual pain and**

**suffering,[9] plus $7,613.30 for actual unreimbursable expenses).** This amount represents compensation for all damages that would be available under Section 15(a). The Clerk of the Court is directed to enter judgment in accordance with this Decision.[10]

  **IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[9] Since this amount is being awarded for actual, rather than projected, pain and suffering, no reduction to net present value is required. *See* Section 15(f)(4)(A); *Childers v. Sec'y of Health & Hum. Servs.*, No. 96-0194V, 1999 WL 159844, at *1 (Fed. Cl. Spec. Mstr. Mar. 5, 1999) (citing *Youngblood v. Sec'y of Health & Hum. Servs.*, 32 F.3d 552 (Fed. Cir. 1994)).

[10] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.